## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MONROE, *et al.*, | : | Civil No. 1:24-MC-00243 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FTS USA, LLC and UNITEK USA, LLC, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a motion filed by Defendants FTS USA, LLC ("FTS") and UniTek USA, LLC ("UniTek") to quash the subpoena served by Plaintiffs Edward Monroe *et al*. (Doc. 2.) Specifically, Defendants move to quash a subpoena *duces tecum* served on non-party RSM US, LLP ("RSM") under Federal Rule of Civil Procedure 45. (Doc. 3.) Alternatively, Defendants request that the court transfer the motion to the Western District of Tennessee. (*Id.*) For the reasons that follow, the court will deny the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case originates from a class action judgment entered against Defendants in the Western District of Tennessee. (Doc. 8-1, p. 2).[1] Plaintiffs are a class of nearly 300 cable installers who won a jury verdict for unpaid overtime wages. (*Id.*) After years of appeals and amendments of the judgment, the Western District

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

of Tennessee entered the current judgment of $3.1 million on February 2, 2023.

(*Id.*)  Plaintiffs allege that Defendants are refusing to pay the judgment despite

having the assets and cash to do so.  (*Id.*)

Plaintiffs sought post-judgment discovery from Defendants in order to

identify their assets and execute the judgment.  (*Id.*)  Included in this post-

judgment discovery was a non-party subpoena served on Defendants' tax and audit

services provider, RSM.  (*Id.*)  The subpoena requested both testimony and

documents related to work RSM performed for Defendants.  (*Id.*)

On June 12, 2023, the subpoena was served on RSM in the Middle District

of Pennsylvania.  (*Id.* at 4.)  Defendants filed motions to quash in both the Western

District of Tennessee, where the underlying suit is located, and the Eastern District

of Pennsylvania, where this case was initially filed.[2]  (*Id.* at 5.)  On October 30,

2023, Magistrate Judge Charmiane G. Claxton found that the Western District of

Tennessee was not the court of compliance and denied Defendant's first motion to

---

[2] Filings in the related Middle District of Pennsylvania case, *Monroe v. RMS US LLP*, Civil No. 1:23-MC-00730 (M.D. Pa.), help explain why this case ended up in the Eastern District of Pennsylvania before being transferred to this court.  Plaintiffs, in their brief in opposition to the first motion to quash in the Western District of Tennessee, mistakenly argued that the Eastern District of Pennsylvania was the court of compliance.  Plaintiffs' Opposition Brief, *Monroe v. RMS*, (M.D. Pa.), ECF No. 2, p. 6 n.2.  Plaintiff brought this case in the Eastern District of Pennsylvania by registering a foreign judgement.  *Monroe v. FTS USA, LLC*, No. 22-47 (E.D. Pa.), ECF No. 1.  Defendants filed a second motion to quash in the Eastern District of Pennsylvania.  In opposing that motion to quash, Plaintiffs corrected their error and successfully argued that the Middle District of Pennsylvania was the correct court of compliance.  Plaintiffs' Opposition Brief, *Monroe v. RMS*, (M.D. Pa.), ECF No. 2, p. 6 n.2.  This ultimately led to the instant case being transferred to this court.

quash for that reason.  Order on Motion to Quash, *Monroe v. FTS USA, LLC*, No.

2:08-cv-02100-JTF-cgc (W. D. Tenn. Oct. 30, 2023), ECF No. 626.  On March 25,

2024, Chief Judge Mitchell S. Goldberg found that the Eastern District of

Pennsylvania did not have jurisdiction over the second motion to quash and

transferred the case to this court.  (Doc. 1.)  On the same day, Defendants filed the

instant motion to quash and their brief in support.  (Docs. 2 and 3.)

Plaintiffs failed to file a brief in opposition by the deadline of April 8, 2024.

(Doc. 5.)  Subsequently, the court issued an order to show cause as to why

Defendants' motion to quash should not be deemed unopposed.  (*Id.*)  Plaintiffs

filed their response to the show cause order on April 18, 2024, attaching their brief

in opposition.  (Doc. 8.)  Defendants did not file a reply brief.  Thus, the motion is

ripe for review.

## JURISDICTION AND VENUE

The instant motion is properly before this court as motions to quash or

modify subpoenas must be brought in "the court for the district where compliance

is required."  Fed. R. Civ. P. 45(d)(3)(A).  The subpoena requires compliance in

Harrisburg, Pennsylvania, which is located within the Middle District of

Pennsylvania.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 45(d)(3)(A) explains when a court must

quash a subpoena:

> (A) *When Required*.  On timely motion, the court for the district where
>     compliance is required must quash or modify a subpoena that:
>     (i)      fails to allow a reasonable time to comply;
>     (ii)     requires a person to comply beyond the geographical
>     limits specified in Rule 45(c);
>     (iii)    requires disclosure of privileged or other protected matter,
>     if no exception or waiver applies; or
>     (iv)     subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

When a party proceeds under Rule 45(d)(3)(A)(iv), "[t]he party

seeking to quash the subpoena bears the heavy burden of demonstrating that

the requirements of Rule 45 are satisfied." *CedarCrestone, Inc.v. Affiliated*

*Comput. Servs. LLC*, No. 1:14-MC-0298, 2014 WL 3055355, at *3 (M.D.

Pa. July 3, 2014.)  This burden includes showing a "clearly defined and

serious injury." *City of St. Petersburg, v. Total Containment, Inc.*, 07-mc-

0191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008).  The movant also

must show that the subpoena is "unreasonable and oppressive." *Lefta*

*Assocs. v. Hurley*, No. 1:09-CV-2487, 2011 WL 1793265, at *3 (M.D. Pa.

May 11, 2011) (quoting *Wright v. Montgomery Cty.*, No. 96-4597, 1998 WL

848107, at * 2 (E.D. Pa. Dec. 4, 1998)).

Once the movant has met this burden, the court must then conduct a balancing test in which it "weighs the subpoenaing party's interest in disclosure and the subpoenaed nonparty's interest in non-disclosure to determine whether the burden on the subpoenaed nonparty is, in fact, undue." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). The balancing test requires the court to "weigh (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty." *Id*.

## DISCUSSION

In their brief in support of the motion to quash, Defendants argue that the subpoena is "facially overbroad" and "unreasonably oppressive," leading to an undue burden under to Rule 45(d)(3)(A)(iv). (Doc. 3, pp. 7–8.) Defendants further contend that the subpoena is invalid because prior notice was not given to the parties as Rule 45(a)(4) requires. (*Id.* at 8–9.) Lastly, Defendants assert that the subpoena is impermissibly cumulative of earlier post-judgment discovery under Rule 26(b)(2)(C)(i). (*Id.* at 9–11.) For these reasons, Defendants believe the court should quash the subpoena. (*Id.* at 7–11.) In the alternative, Defendants request that the court transfer the motion to the Western District of Tennessee. (*Id.* at 11–12.)

In their brief in opposition, Plaintiffs argue that Defendants do not have standing to challenge the subpoena for being unduly burdensome as the burden would fall on non-party RSM, not the Defendants themselves.  (Doc. 8-1, p. 15.)  Plaintiffs further contend that prior notice under Rule 45(a)(4) was sufficiently given and that post-judgment precedent allows them to request documents from RSM that have already been requested from the Defendants. (*Id.* at 5–6, 11–15.)

The court will address each argument in turn, beginning with standing and undue burden.

### A. Standing and Undue Burden

It is well established that "a party does not have standing to quash a subpoena served on a third party."  *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 24598 (3d. ed. 2016) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action…").  However, there is an exception when the party "claims some personal right or privilege in respect to the subject matter" of the subpoena.  *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013).  As the instant subpoena seeks Defendants' financial documents, bank accounts, and

communications, Defendants have standing to bring this motion on the basis of personal right or privilege. *See ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (citation omitted) ("[P]ersonal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information.").

However, "even if a defendant has standing generally to quash a subpoena, he still lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the defendant." *Green v. Cosby*, 314 F.R.D. 164, 173 (E.D. Pa. 2016). Plaintiffs rely on case law from other District Courts that apply the same rule. (Doc. 8-1, p.15.) (*See Meyer v. Bank of Am., N.A.*, No. 2:18-cv-218, 2018 WL 6436268, at *5 (S.D. Ohio Dec. 7, 2018) ("Only the entity responding to the subpoena has standing to challenge the subpoena on the basis of undue burden."); *Glacier Films (USA), Inc. v. Does 1-29*, No. 15-CV-4016, 2015 WL 8989217, at *2 (N.D. Ill. Dec. 15, 2015) ("A defendant cannot claim an undue burden from a subpoena directed at a third

party.")) Because Defendants are not the entity being subpoenaed, they do not have standing to argue undue burden on behalf of RSM.[3]

But even if the court found that Defendants have standing to argue undue burden, the next step would be for Defendants to show that RSM suffered a "clearly defined and serious injury." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. at 238. The only allegation Defendants offer to show an injury on RSM's behalf is the boilerplate conclusion that RSM will be oppressed by the "burden imposed to produce such voluminous document requests and the likelihood that they will result in the production of privileged communications and confidential information."[4] (Doc. 3, p. 10.) This assertion is conclusory and does not define a clear or serious injury. As a result, even if the Defendants had standing to challenge the subpoena on the basis of undue burden, the motion to quash would still be denied on the merits as no clearly defined injury was alleged on RSM's behalf.

---

[3] Defendants attached a Declaration from RSM's counsel supporting Defendant's motion to quash and an email of the objections RSM raised to Plaintiffs' counsel upon receipt of the subpoena. (Docs. 2-9 and 2-7.) However, RSM itself did not file any motion or brief in this case. Even so, RSM's emailed objections generally state that the subpoena is overbroad both in content and timeframe, the requests contained within the subpoena are vague and ambiguous, and the information sought could be obtained from other parties. (*Id.*) These conclusory arguments fail to provide enough specificity to show an undue burden on RSM's behalf.

[4] Insofar as Defendants' arguments reference privileged communications, the court notes that Federal Rule of Civil Procedure 45(d)(3)(A)(iii) can, in some circumstances, provide a basis to quash a subpoena if disclosure of privileged information is required. However, Defendants failed to raise or develop this argument or cite this rule in their brief.

## B. Prior Notice

Defendants' next contention is that Plaintiffs failed to give them prior notice of the subpoena pursuant to Rule 45(a)(4). Federal Rule of Civil Procedure 45(a)(4) provides that "a party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation." *CedarCrestone Inc.*, 2014 WL 3055355, at *6. A "notice and copy of the subpoena must be served on each party" before it is served on the non-party to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Defendants argue that they first received notice of the subpoena via email on June 9, 2023, a day after the subpoena was issued on June 8, 2023. (Doc. 3, p. 9.) Because they received notice after the subpoena was issued by the court, Defendants believe Plaintiffs failed to give prior notice. (*Id.*) Plaintiffs respond that while they gave Defendants notice of the subpoena on June 9, 2023, they did not serve it on RSM until June 12, 2023.[5] (Doc. 8-1, p. 6.) Because they gave notice to Defendants before service of the

---

[5] In Plaintiffs' brief, they reference an exhibit showing that the subpoena was served on RSM on June 12, 2023. (Doc. 8-1, p. 6.) This exhibit is not on the M.D. Pa. docket for this case. But the court located the exhibits in the E.D. Pa. docket, where Plaintiffs' brief was initially filed. Exhibit 2 to Response in Opposition to Motion to Quash, *Monroe v. FTS USA, LLC*, No. 22-47 (E.D. Pa.), ECF No. 16-3, p. 2. Because Defendants filed no reply brief, the court deems them to have waived any argument questioning the accuracy of Plaintiffs' exhibits.

subpoena on RSM, Plaintiffs believe they did provide prior notice as required by Rule 45. (*Id.* at 7.)

Rule 45(a)(4) requires that notice be given to the litigating party before *service* of the subpoena on the non-party, not before the subpoena is *issued* by the court.  Defendants acknowledge in their brief that this is the correct rule.  (Doc. 3, p. 8.)  By emailing Defendants notice and a copy of the subpoena on June 9, 2023 and then serving the subpoena on RSM on June 12, 2023, Plaintiffs gave the defendants three days' prior notice. Plaintiffs' notice therefore comports with the requirements of Rule 45.  The subpoena will not be quashed for failure to provide prior notice.

### C. Cumulative of Prior Discovery

Next, Defendants argue that the subpoena is impermissibly cumulative of the prior post judgment discovery undertaken by Plaintiffs. (Doc. 3, p. 10.)  Rule 26(b)(2)(C)(i) states "the court must limit the frequency or extent of discovery otherwise allowed… if it determines that… the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Defendants assert that Plaintiffs already subpoenaed documents related to financial statements, tax filings, and budgets from the Defendants themselves, so there is no need for

duplicative nonparty discovery as to these same categories of documents.
(Doc. 3, p. 10.)  Plaintiffs respond by contending that the additional
discovery is relevant and necessary for them to collect on the judgment
Defendants owe them.  (Doc. 8-1, p. 9.)  Because Defendants have so far
failed to produce documents sufficient to identify their assets, Plaintiffs
assert that subpoenaing RSM for financial documents is essential to getting a
full picture of Defendants' finances and satisfying the judgment. (*Id.* at 12.)

The discovery sought by Plaintiffs may be cumulative or duplicative
in that it seeks similar categories of financial documents that Plaintiffs
requested from the Defendants themselves.  But, "if [the defendant] is
unwilling to produce sufficient documentation, [the plaintiff] has the right to
discovery and to examine [the defendant's] assets through subpoenas to third
parties." *ITOCHU Intern., Inc.*, 303 F.R.D. at 234.  Plaintiffs believe the
documents and testimony produced so far in discovery have not been
sufficient and illustrate the need to subpoena RSM.  (Doc. 8-1, p. 12.)

When Plaintiffs deposed the CFO of Defendant Unitek. he stated that
he "does not know" why judgment has not yet been paid.  (*Id.* at 13.)  He
stated that Unitek's property was "either sold or transferred to other Unitek
companies" and that he did not know whether a parent company or other
subsidiary took on the debts and liabilities of Defendants.  (*Id.*)  Plaintiffs

11

also discovered documents from Defendants which revealed Unitek had over $10 million in cash and cash equivalents, as well as over $120 million in assets in 2020.  (*Id.*)

"The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974). Given that Unitek's CFO is apparently unaware of where its assets have gone and why judgment has not been satisfied, Plaintiffs should be allowed to make a broad inquiry in their post judgment discovery to find those allegedly hidden assets.  Subpoenaing financial information and testimony from RSM is plainly relevant to the pursuit of that information.  *See Tennenbaum Capital Partners, LLC v. Kennedy*, No. 09-MC-194, 2018 WL 4300540, at *2 (E.D. Pa. Sept. 7, 2018) ("Discovery [of assets or distributions] is plainly relevant when a party is attempting to execute a judgment when the opposing party claims insolvency and/or inability to satisfy the judgment.")

To the extent any of the subpoenaed documents or testimony are cumulative of other post judgment discovery, they are not unreasonably so. Subpoenaing more financial documents from RSM in an attempt to uncover allegedly hidden assets of Defendants is reasonable and relevant given

12

Defendants' apparent refusal to pay the judgment.  Therefore, the court will not quash the subpoena on the basis that it is unreasonably or impermissibly duplicative under Rule 26.

### D. Transfer to the Western District of Tennessee

Lastly, Defendants request that instead of ruling on this motion, the court should transfer it back to the Western District of Tennessee.  Rule 45(f) states that "when the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing party if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f).  Here, RSM's attorney has filed a declaration consenting to transfer this motion to the Western District of Tennessee. (Doc. 2-9.)

While it is within the court's discretion to transfer the motion to the Western District of Tennessee given RSM's consent, the court declines to do so.  Defendants' main justification for transferring the case is that Judge Fowlkes has presided over the long and complex litigation, so he is in the best position to rule on the motion given his familiarity with the case.  (Doc. 3, p. 11.)  However, this motion to quash does not relate to the facts of the underlying case.  The claims of the underlying action have already been litigated, and judgment has been entered.  The only issue before this court now is whether the subpoena served on non-party RSM should be quashed.

No expertise in the underlying action is required to make such a determination.

Even more importantly, a motion to quash Plaintiffs' subpoena on RSM was already before the Western District of Tennessee, which promptly ruled that it was not the court of compliance.  Order on Motion to Quash, *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-cgc (W. D. Tenn. Oct. 30, 2023), ECF No. 626.  Transferring a motion to quash back to the Western District of Tennessee again would only impose a procedural hurdle upon Plaintiffs and further delay resolution of this matter.  While it is within the discretion of the court to do so, the court will decline to transfer the motion back to the Western District of Tennessee.

## CONCLUSION

For the foregoing reasons, the court will deny Defendants' motion to quash the non-party subpoena on RSM and will decline to transfer the motion to the Western District of Tennessee.  An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 26, 2024